UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                          BKY 20-31858
                                                                                     Chapter 12

Buehring Properties LLC,

        Debtor.

## NOTICE OF HEARING AND MOTION FOR DISMISSAL

TO: All creditors and parties in interest pursuant to Local Rule 2002-4.

     1.      Kyle L. Carlson, Chapter 12 Trustee, moves to dismiss this case.

     2.      The Court will hold a hearing on this motion at 1:30 p.m. on Thursday, December 3, 2020, in Courtroom 7 West, 7th Floor, U.S. Courthouse, 300 South 4th Street, Minneapolis, MN 55415.

     3.      Any response to this motion must be filed and served not later than Saturday, November 28, 2020, which is five days before the time set for the hearing (including Saturdays, Sundays and legal holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

     4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. The motion is brought pursuant to 11 U.S.C. § 1208, Bankruptcy Rule 1017, and Local Rule 1017-2. This case is pending before this Court.

     5.      The debtor has not established that it is eligible for Chapter 12 relief as the debtor's sole source of income is from the rental of farmland. *See* 11 U.S.C. 101(18)(B).

     6.      The Trustee has requested monthly operating reports from the debtor. The Trustee has not received that information and as a result the Trustee has been unable to adequately monitor the debtor's farming operation. This failure is grounds dismissal of the case. *See In re Ventura*, 375 B.R. 103, 109 (Bankr. E.D.N.Y. 2007) (a trustee's inability to effectively administer the estate due to a debtor's lack of cooperation constitutes "cause" for dismissal); *In re Dickenson*, 517 B.R. 622 (Bankr. W.D. Va., 2014) (dismissing a chapter 12 case based on, *inter alia*, the debtor's failure to comply with orders of the Court and failing to supply the Court with monthly operating reports).

     WHEREFORE, the Trustee moves the Court for an order dismissing the case and such other relief as may be just and equitable.

Dated: 11-3-20                                                                 /e/ Kyle L. Carlson
                                                                                     Kyle L. Carlson
                                                                                     Chapter 12 Trustee
                                                                                     PO Box 519
                                                                                      Barnesville, MN 56514
                                                                                      218-354-7356

## VERIFICATION

I, Kyle L. Carlson, Chapter 12 Trustee, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 11-3-20

/e/ Kyle L. Carlson
Kyle L. Carlson, Trustee

In re:                                                                    Case No. 20-31858
                                                                          Chapter 12
Buehring Properties LLC,

        Debtor.

# MEMORANDUM OF FACTS AND LAW

## I. FACTS

The facts supporting the motion are set forth in the attached verified motion. In addition, the Trustee also relies on the representations made by the debtor at the 341 meeting of creditors and in the debtor's filed schedules.

## II. CHAPTER 12 ELIGIBILITY

A debtor must be a "family farmer" as defined in the bankruptcy code to qualify for Chapter 12. 11 U.S.C. § 109(f). A family farmer can be an individual, an individual and spouse, a corporation, or a partnership. 11 U.S.C. § 101(18). The debtor is a partnership, therefore 11 U.S.C. § 101(18)(B) applies. Under that provision, a partnership is a family farmer if the following conditions are met:

1. more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family;

2. such family or such relatives conduct the farming operation;

3. more than 80 percent of the value of its assets consists of assets related to the farming operation;

4. its aggregate debts do not exceed $4,031,575 and not less than 50 percent of its aggregate non-contingent, liquidated debts (excluding a debt for one dwelling which is owned by such corporation or partnership and which a shareholder or partner maintains as a principal residence, unless such debt arises out of a farming operation), on the date the case is filed, arise out of the farming operation owned or operated by such corporation or such partnership.

5. if such corporation issues stock, such stock is not publicly traded.

11 U.S.C. § 101(18)(B). The burden of establishing these conditions lies with the debtors who voluntarily filed under chapter 12. *In re Tim Wargo & Sons, Inc.*, 869 F.2d 1128, 1130 (8th Cir. 1989) (the burden of establishing eligibility in chapter 12 lies with the party filing the bankruptcy petition); *Haden v. Pelofsky*, 212 F. 3rd 466 (8th Cir. 2000).

The "conduct" element of section 101(18)(B) serves to exclude from chapter 12 eligibility those corporations which bear an attenuated connection with the farming operation itself. *See In re Mary Freese Farms, Inc.*, 73 B.R. 508, 511 (Bankr. N.D. Iowa 1987) (where

tenant farmer "makes all of the management decisions and does all of the 'hands-on' planting and harvesting," corporate debtor does not "conduct" the farming operation). The "conduct" eligibility requirement for corporate debtors and the "engaged in" eligibility requirement appear to be nearly, if not completely, identical. Many of the issues, such as whether the farming operation must actually continue post-petition, are also the same. *See In re Mikkelsen Farms, Inc.*, 74 B.R. 280, 285 (Bankr. D. Or. 1987) (though corporate debtor leased all of its farmland in crop year 1987, debtor was eligible for chapter 12 relief because it, through its principals, had planted and harvested crops in 1986, the year in which it filed its petition).

In this case, it does not appear that the debtor is "engaged in" or has a farming operation for its family owners to conduct. The debtor has not filed or supplied its tax returns as requested by the Trustee and the Trustee has not received any information indicating that the debtor has historically conducted a farming operation. Moreover, the Trustee has been advised that, as of the date the case was filed, a separate entity – Buehring Farms, LLC – was the operating entity conducting a farming operation upon the debtor's real estate. According to testimony from Chad Buehring, an owner of the debtor, the only source of income for Buehring Properties, LLC is from the rental of farmland. Rental income, without any involvement in farming operation by the debtor, is income not derived from a debtor's farming operation. *See In re Easton*, 883 F.2d 630, 636 (8th Cir. 1989). In this case, the debtor entity is not engaged in the farming operation. As such, the debtor does not appear eligible for Chapter 12.

### III. CONCLUSION

Given the foregoing, the Trustee puts the debtor to its burden to demonstrate eligibility for Chapter 12.

Dated: 11-3-20                                      /s/ Kyle L. Carlson  
                                                    Kyle L. Carlson  
                                                    Chapter 12 & 13 Trustee  
                                                    PO Box 519  
                                                    Barnesville, MN 56514

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re: BKY 20-31858
Chapter 12
Buehring Properties LLC,

    Debtor.

**ORDER**

This case is before the Court on the motion of Trustee Kyle L. Carlson for an order dismissing the case of Buehring Properties LLC, BKY 20-31858,

    Based on the motion and record,

    IT IS ORDERED THAT:

    The debtor's Chapter 12 case is hereby dismissed.

Dated:

_____

Michael E. Ridgway
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re:  BKY 20-31858
 Chapter 12
Buehring Properties LLC,

       Debtor.

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

       The undersigned, being an employee of the Chapter 12 Trustee, declares that on the date indicated below, I served the attached Notice of Hearing and Motion for Dismissal upon all entities named below by first class mail postage prepaid and to any entities who are Filing Users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

BUEHRING PROPERTIES LLC
540 W 11TH ST
RUSH CITY, MN 55069

U.S. ATTORNEY
U.S. COURTHOUSE
300 S 4TH STREET
SUITE 600
MINNEAPOLIS, MN 55415

ALL CREDITORS ON ATTACHED MATRIX

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: 11-3-20

                                              /e/ Jamie Swenson
                                              Jamie Swenson
                                              Chapter 12 Office

Label Matrix for local noticing
0864-3
Case 20-31858
District of Minnesota
St Paul
Tue Nov  3 12:30:03 CST 2020

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

Buehring Properties LLC
540 W 11th ST
Rush City, MN 55069-5025

Unity Bank
1180 West 4th Street
P.O. Box 604
Rush City, MN 55069-0604

Alerus Financial
51 N. Broadway Drive
Fargo, ND 58102-4991

Alta Genetics USA Inc
N8350 High Road
PO Box 437
Watertown, WI 53094-0437

Auto Value St Cloud
121 29th Ave S
St Cloud, MN 56301-3841

Beaudry Oil/Propane
630 Proctor Ave
Elk River, MN 55330-2412

Bridge Law Group
att: Scott Manthei
2900 Washington Avenue North
Minneapolis MN 55411-1630

Burnett Dairy Cooperative
11631 State Rd. 70
Grantsburg, WI 54840-7135

Cogent Canada
7970 Perth Rd 147, RR4
Listowel, ON N4W 3G9
CANADA

Crown Castle Intl. Corp.
1220 Augusta DR
STE 600
Houston, TX 77057-6801

D.Sherwood McKinnis
McKinnis & Doom, P.A.
200 3rd Avenue NE, Suite 300
Cambridge, MN 55008-1298

Dan Taylor
19480 Fenway AV N
Forest Lake MN 55025-9756

Diane Buehring
4070 Rush Lake Road
Rush City MN 55069-2701

East Central Dairy
2195 Hwy 23
Mora MN 55051-7106

East Central Energy
P O Box 39
Braham, MN 55006-0039

Farmers Coop Creamery Co
214 Main Ave
PO Box 38
Foreston, MN 56330-0038

Fluegge's Ag, Inc.
2040 Mahogany St
Mora, MN 55051-7148

Frontier Ag & Turf
2446 State Rd 35
Osceola, WI 54020-4216

Gold Country Seed
800 N Lindbergh Blvd,
St Louis MO 63141-7843

Gurstel Law Firm
att: Amy Blowers
6681 Country Club Dr
Golden Valley, MN 55427-4601

Halpern Law
10 S 5th St. Ste. 400
Minneapolis, MN 55402-1021

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Irby Law Firm
re: Matthew Larson
403 Center ST #409
Moorhead MN 56560-1900

(p)DEERE CREDIT SERVICES  INC
ATTN LITIGATION & RECOVERY DEPARTMENT
PO BOX 6600
JOHNSTON IA 50131-6600

Kevin Dahl
105 N Bremer AV
Rush City MN 55069-9007

Knife River Corporation
PO Box 1333
St Cloud, MN 56302-1333

L & M Milburn LLC
13262 Milburn Road
Pine City MN 55063-4481

| | | |
|---|---|---|
| Ledin Hofsted Law Firm<br>539 Main Street South<br>Pine City, MN 55063-1659 | Leedstone<br>222 Cty Rd 173 SE<br>P O Box 219<br>Melrose, MN 56352-0219 | MJB Law Firm PLLC<br>7925 Stone Creek Dr<br>STE 120A<br>Chanhassen MN 55317-4838 |
| Mckinnis & Doom<br>att: D. Sherwood McKinnis<br>200 3rd Ave NE Ste 300<br>Cambridge, MN 55008-1298 | Midwest Machinery<br>3708 Baptist Church Rd<br>Princeton, MN 55371-6130 | Mike Mayer<br>830 26th AV N<br>St Cloud MN 56303-2429 |
| Minnesota DHIA<br>307 Brighton Ave S<br>Buffalo MN 55313-2303 | Minnesota Veterinary Assoc<br>P O Box 219<br>Melrose, MN 56352-0219 | Monsanto Company and Gold Country<br>c/o Sharon Hernandez<br>800 N Lindbergh Blvd - MZ B2NB<br>St. Louis, MO 63167-1000 |
| Munson Lakes Nutrition<br>P O Box 549<br>Howard Lake, MN 55349-0549 | Natasha Zahler<br>821 1st Ave W<br>Cambridge MN 55008-1400 | Northern Vet Service<br>110 Polk Parkway<br>St Croix Falls WI 54024-9261 |
| Pioneer Seed<br>PO Box 1000<br>Johnston, IA 50131-9411 | Rabo AgriFinance<br>P O Box 410650<br>Saint Louis, MO 63141-0650 | Rajkowski Hansmeier Ltd<br>P O Box 1433<br>Saint Cloud, MN 56302-1433 |
| Rinke Noonan<br>att: Benjamin Bohnsack<br>PO Box 1497<br>St Cloud, MN 56302-1497 | Select Sires<br>6601 Gregory Park Rd S<br>Saint Cloud, MN 56301-9287 | (p)STEARNS BANK NATIONAL ASSOCIATION<br>ATTN LEGAL DEPARTMENT<br>4191 2ND STREET SOUTH<br>ST CLOUD MN 56301-3761 |
| Stearns Bank National Association<br>McKinnis & Doom, P.A.<br>D. Sherwood McKinnis<br>200 3rd Avenue NE, Suite 300<br>Cambridge, MN 55008-1298 | Timmer Implement<br>10172 US Hwy 169<br>Milaca, MN 56353-4449 | US Trustee<br>1015 US Courthouse<br>300 S 4th St<br>Minneapolis, MN 55415-3070 |
| Unity Bank<br>%Matthew Bialick<br>7925 Stone Creek Drive, Ste 120A<br>Chanhassen, MN 55317-4838 | Wild River Vet<br>140 Evergreen Sq SW<br>Pine City MN 55063-2000 | Kyle Carlson<br>PO Box 519<br>Barnesville, MN 56514-0519 |
| Sam Calvert<br>Sam V. Calvert PA<br>1011 2nd St N<br>Suite 107<br>St. Cloud, MN 56303-3237 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).