UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Buehring Properties LLC            BKY # 20-31858
                                                                  Chapter 12
       Debtor.

RESPONSE TO TRUSTEE'S OBJECTION

Comes now Buehring Properties, LLC which responds to the objection of the Chapter 12 trustee as follows. The paragraph numbers in the response correspond to the paragraph numbers in the trustee's objection.

1.      The debtor submits that it qualifies for Chapter 12 as this debtor has historically grown hay on land owned by this debtor, including the crop year 2020 when the debtor harvested about 44 tons of hay from 44 acres of land owned by it, and because the principals of the debtor have been engaged in farming for many years prior to the commencement of this case. For most of the existence of the debtor the hay was fed to animals owned by Buehring Farms, LLC; since the animals were sold in 2018 the hay has been marketed to third parties. The debtor is, therefore, a "farming operation".

2.      The Trustee asks for information about the assumption of leases. An affidavit has been provided to the trustee and the debtor is willing to show the trustee that the leases are upon commercially reasonable terms.

1

3. The debtor provides a supplement to the chapter 12 plan to show the interest rate to be paid on the delinquent taxes.

5. The debtor provides a supplement to the chapter 12 plan to show how attorneys fees will be dealt with.

6. The plan includes a payment matrix on Exhibit D of the plan.

7. Monthly reports have now been submitted to the trustee.

8. The debtor has provided the trustee federal and state tax returns that include the information for this debtor.

This response is based upon the attached affidavit and memorandum.

Notice is given that if testimony on this matter is required that the debtor may offer the testimony of Chad Buehring, 3838 Rush Lake Rd, Rush City MN 55069, and Brandon Buehring 540 W. 11th St , Rush City MN 55069, Dan Taylor, 19480 Fenway Ave., Forest Lake MN 55025 about the history of the operation, value, and feasibility and Jeffrey P. Moffatt 27246 Roberts Rd., Hinckley MN 55037 about value.

Respectfully submitted,

 / s / Sam V. Calvert
Sam V. Calvert MN ID#1431X
attorney for debtor
1011 2nd ST N STE 107
St. Cloud MN 56303
320-252-4473
calcloud@gmail.com

# VERIFICATION

I, Brandon Buehring, member of Buehring Properties LLC, the debtor named in the foregoing response, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

/s/ Brandon Buehring
Brandon Buehring


I, Chad Buehring, member of Buehring Properties LLC, the debtor named in the foregoing response, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information, and belief.

/ s / Chad Buehring
Chad Buehring

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Buehring Properties LLC                    BKY # 20-31858
                                           Chapter 12
    Debtor.
MEMORANDUM

The trustee objects to confirmation of the debtor's chapter 12 plan on the basis that the debtor is not a "farming operation".

In 2015 the real property was deeded to this debtor. The members of the debtor understand that such was done at the direction of a lender. For many years prior the land had been in the name of Buehring Farms LLC and/or the names of individuals. The operation was a dairy operation for many years; crops were grown on the debtor's land and largely used to feed the animals of the dairy operation. However, due to the collapse of the milk market the animals were sold in 2018.

In 2020 the debtor rented its tillable acreage to its principals, Brandon Buehring and Chad Buehring.

However, the debtor also owns land approximately 44 acres of land which is used only for the production of hay.

In 2020 the debtor has produced approximately 44 tons of hay after the case was filed. As the debtor presently does not own any animals the hay will be sold to third parties. The highest price is usually obtained in the later winter, when farmers have fed

1

up the hay they produced themselves and have to go into the open market to purchase hay from third parties.

11 U.S.C. 101(21) defines "farming operation" as :

> The term "farming operation" includes farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry, or livestock, and production of poultry or livestock products in an unmanufactured state.

This list is not exclusive. For example, see Rinehart v. Sharp (In re Sharp), 361 B.R. 559, 564 (B.A.P. 10th Cir. 2007) ("The definition of 'farming operation' does not provide an exclusive list of all farming activities and is not limited to the specific activities delineated in the statute."). The definition of a "farming operation" is to be "construed liberally in order to further Congress' purpose of helping family farmers to continue farming." In re Watford, 898 F.2d 1525, 1527 (11th Cir. 1990); see also 124 Cong. Rec. H 11090 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards) ("This definition gives a broad construction to the term 'farming operation.'"); 124 Cong. Rec. S 17406-7 (daily ed. Oct. 6, 1978) (remarks of Sen. Deconcini) (same).

In this case the debtor produces hay for sale to third parties, clearly the production or raising of crops.

As this is a "corporate" case the percentage test of 11 U.S.C. 101(18)(A) is not pertinent.

The debtor submits that the fact that its plan of reorganization envisions an expansion of the debtor's farming operation to include row crops in the years 2021 and

thereafter does not somehow retroactively disqualify the debtor from being a "farming operation" within the meaning of the statute.

The trustee's objection on that basis should be overruled.

The trustee has also made other objections, relating to the provision of information; the debtor believes that it has submitted all of the other information which the trustee requested, with the exception that the tax return which includes the activity of the debtor is merged into the activity of Buehring Farms LLC.

   / s / Sam Calvert
Sam Calvert MN ID#1431X
attorney for the debtor
1011 2nd ST N STE 107
St. Cloud MN 56303
320-252-4473
calcloud@gmail.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

Buehring Properties LLC            Chapter 12 BKY
                                                    BKY # 20-31858
           Debtor.

ORDER

At Minneapolis, Minnesota:

This matter came before the court upon the objection of the chapter 12 trustee to confirmation of the debtor's proposed plan.

Upon the files and records herein,

IT IS ORDERED

The objection is overruled.

Dated:

_____
United States Bankruptcy Court